STATE of Minnesota, Respondent,

v.

Sterling G. MATTSON, Appellant.

No. C5–83–1000.

Supreme Court of Minnesota.

Nov. 9, 1984.

C. Paul Jones, Public Defender, Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., Kevin O'Connell, Asst. County Atty., Duluth, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1982) (sexual penetration of complainant under age 13 by person more than 36 months older). The trial court sentenced defendant to an executed prison term of 54 months, which is the presumptive sentence for the offense by a person with defendant's criminal history score. On appeal, defendant seeks (1) an outright reversal because the evidence of his guilt was legally insufficient or (2) a new trial because the trial court improperly admitted a confession obtained in violation of defendant's right to counsel. We affirm.

1. The evidence, which consisted of positive testimony by the victim and evidence that defendant confessed to abusing her sexually, was clearly sufficient to support the conviction.

2. The confession was not obtained in violation of defendant's right to counsel. The right to counsel had attached at the time defendant made the statement, but defendant was fully advised of his rights and he voluntarily, knowingly and intelligently relinquished them. *State v. Kivimaki*, 345 N.W.2d 759, 762 (Minn.1984). A second statement, in which defendant retracted part of what he said in the first statement, was given the following day after counsel had been appointed. The appointment of counsel does not prevent the police from talking with defendant again, absent a clear assertion by defendant of his desire to deal with the police only through counsel. *Edwards v. Arizona*, 451 U.S. 477, 484, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981); *State v. Howard*, 324 N.W.2d 216, 221 (Minn.1982). Defendant did not express a desire to deal with the police only through counsel; in fact, he initiated the second conversation with the police. Further, it was defense counsel, not the prosecutor, who sought admission of the second statement at trial.

Affirmed.